RECEIVED
IN ALEXANDRIA, LA.

JUN 2 4 2013

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RANDY PAUL DAVIS (#581779)          DOCKET NO. 13-cv-546; SEC. P

VERSUS                              JUDGE DRELL

WARDEN                              MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Pro se petitioner Randy Paul Davis, a prisoner in the custody
of Louisiana's Department of Public Safety and Corrections, filed
the instant petition for writ of habeas corpus pursuant to 28
U.S.C. §2254.    Petitioner attacks his 2011 conviction for
Possession of Schedule II drugs (methamphetamine) in the Tenth
Judicial District Court, Natchitoches Parish, Louisiana.

This matter has been referred to the undersigned for review,
report, and recommendation in accordance with 28 U.S.C. §636 and
the standing orders of the Court.

*Background*

In January 2009, Petitioner was charged with possession of
stolen firearms, possession of a controlled dangerous substance
schedule II, and possession of a firearm in the presence of a
controlled dangerous substance, possession of drug paraphernalia,
and possession of a firearm with an obliterated number or mark.
[Doc. #1-2, p.4, 40-41]  Petitioner requested and was granted a
preliminary examination, which took place on February 13, 2009.
[Doc. #1-2, p.25-41]

A motion to suppress evidence was filed and set for hearing on

June 19, 2009, but the matter was continued numerous times: 3/24/09, 5/26/09, 6/19/09, 7/27/09, 8/21/09, 9/21/09, 10/16/09, 1/20/10, 3/11/10, 5/6/10, 7/14/10, 9/16/10, and 10/11/10.  At a hearing on October 12, 2010, Petitioner advised the court that he wanted a new lawyer.  The Court granted another continuance to give Davis time to hire a new lawyer.  [Doc. #1-2, p.10]  A status conference was conducted on October 22, 2010, and a new plea date was set for 1/12/11 and trial date 1/31/11.  On January 12, 2011, Plaintiff failed to show for court, so a bench warrant was issued. [Doc. #1-2, p.11]  On January 24, 2011, another hearing was conducted, and trial was reset for April 4, 2011.  [Doc. #1-2, p.18]

Finally, on April 4, 2011, the day of trial, Davis decided to enter a plea of guilty to possession of schedule II narcotics pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), thereby reserving the right to appeal the denial of his motion to suppress. [Doc. #1-2, p.23, 24] Petitioner was sentenced to a suspended term of three years of imprisonment and two years of supervised probation.  The Court informed Petitioner multiple times that he waived his right to appeal his conviction or sentence by direct appeal, post-conviction relief or otherwise, except that he maintained the right to review of the motion to suppress.  [Doc. #1-2, p.24.]

Petitioner's probation was revoked on January 10, 2013, and

his suspended three year sentence was imposed.   [Doc. #1, p.13] **Now that he has been revoked, Petitioner attempts to challenge his 2011 conviction.**   Plaintiff admits that he did not appeal or seek post-conviction relief because he "waited to long to pursue state remedies."   [Doc. #1, p.5, 7, 8, 10, 11]

### *Law and Analysis*

1.   **Timeliness under §2244(d)(1)(A)**

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a **one-year** statute of limitations for the filing of an application for writ of habeas corpus by a person such as petitioner who is in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

Federal courts may raise the one-year time limitation *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999). Because Petitioner entered a Crosby Plea, he waived his right to appeal all non-jurisdictional issues except for the issue of the motion to suppress.  Petitioner had thirty days from the sentencing on April 4, 2011, within which to move for an appeal.  Thus, for

---

[1]28 U.S.C. §2244(d)(2) contains a statutory tolling provision which provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, Davis did not file an application for post-conviction relief, so the provision is not applicable.

AEDPA purposes, Petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed.  Petitioner's judgment of conviction and sentence became final thirty days after April 4, 2011 - on or about May 4, 2011.  He had one year, until on or about May 4, 2012, to file his federal habeas corpus petition.  The instant petition was not filed until March 7, 2013.  Thus, the available evidence establishes that the instant petition is time-barred.

## 2.   Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted).  The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of

representation during the applicable filing period merits equitable tolling." <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir.1999) (<u>citing</u> <u>Barrow v. New Orleans S.S Ass'n</u>, 932 F.2d 473, 478 (5th Cir.1991)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.  The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.  To the extent he claims that he thought he had two years to file his appeal, his claim is disingenuous and fails.  Even if he truly believed that to be the case, he still did not file an appeal within the perceived two year deadline.  Two years from the date of sentencing 4/4/11 would be 4/4/13.  Petitioner does not allege that he attempted to appeal the denial of the motion to suppress at any time between 4/4/11 and 4/4/13.  Petitioner only became concerned with the appeal issue after his probation was revoked this year and the suspended sentence was ordered served.

### *Conclusion*

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

*Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from

service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. §2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**Thus done and signed** at Alexandria, Louisiana, this ___ day of June, 2013.

JAMES D. KIRK
UNITED   STATES   MAGISTRATE   JUDGE

7